UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARGARET KERNSTOCK,

            Plaintiff,

v.                                                Case Number 10-14808-BC
                                                Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

            Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

      On August 11, 2010, Plaintiff Margaret Kernstock filed a complaint in Saginaw County Circuit Court alleging a medical malpractice cause of action against Dr. Eventure Bernardino, Health Delivery, Inc., and Health Delivery at Bridgeport Community Center. Plaintiff alleged that Dr. Bernardino improperly diagnosed and neglected to treat stenosis in her left renal artery, ultimately resulting in the failure of one of her kidneys.

      Although not identified as a defendant, the United States filed a notice of removal pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679(d) on December 3, 2010. The United States removed the case because Dr. Bernardino was "deemed" an employee of the United States Public Health Service, and as a result, eligible for coverage under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b). Because the United States is the only proper defendant in an FTCA action, 28 U.S.C. § 2679(a), the Court entered the parties' stipulation and proposed order substituting the United States as a defendant in place of the three initial defendants on December 14, 2010. On December 10, 2010, the United States filed a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that this Court lacks subject matter jurisdiction over the claim

because Plaintiff has not exhausted her administrative remedies.

**I**

Rule 12(b)(1) permits a defendant to file a motion to dismiss a complaint for lack of subject matter jurisdiction before filing an answer. "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citation omitted).

The FTCA provides a limited waiver of sovereign immunity for plaintiffs seeking to pursue tort claims against the United States. *See Smith v. United States*, 507 U.S. 197, 203 (1993) (quoting *United States v. Kubrick*, 444 U.S. 11, 117–18 (1979)). But to benefit from the waiver, prospective plaintiffs must strictly adhere to the statute's procedural requirements. *See Blakely v. United States*, 276 F.3d 853, 864–65 (6th Cir. 2002) (explaining some of the requirements and noting that they must be "scrupulously observed"). As relevant here, 28 U.S.C. § 2675(a) provides that a tort claim shall not be instituted against the United States seeking money damages arising from a personal injury caused by the negligent or wrongful act of a government employee acting within the scope of his employment "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" or six months have passed since the claim was presented to the agency and no decision has been reached. *See also McNeil v. United States*, 508 U.S. 106, 111 (1980) (discussing the exhaustion requirement and concluding that the district court lacked jurisdiction over the plaintiff's complaint because administrative remedies had not been exhausted at the time it was filed).

Under § 2675(a), "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ." 28 C.F.R. § 14.2(a); *see also* 28 U.S.C. § 2675(b) (noting that in most circumstances the amount recoverable in an FTCA action is limited to the amount demanded in the administrative claim); *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994) ("In order for a person to file a tort claim under the FTCA, it is required that he 1) give written notice of a claim sufficient to enable the agency to investigate the claim and 2) place a value (or 'sum certain') on the claim.") (citations omitted).

The government contends that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because her claim was not presented to the Department of Health and Human Services ("HHS") and finally denied by HHS before she filed her complaint in Saginaw County Circuit Court. Plaintiff admits that she never presented a Standard Form 95 or any other notice of her claim to HHS before filing this case, but contends that the notice of intent to file a medical malpractice action that she presented to the Defendants identified in her initial complaint, as required by Michigan law, is sufficient. Mich. Comp. Laws § 600.2912b. The notice, which Plaintiff contends she mailed to Dr. Bernardino, Health Delivery, Inc., and Health Delivery at Bridgeport Community Center 182 days before she filed the complaint in Saginaw County Circuit Court, describes the factual basis for the claim and the reasons Plaintiff believes Dr. Bernardino was negligent.

Plaintiff's complaint must be dismissed because her medical malpractice claim was not "first presented to" or "finally denied by" HHS. 28 U.S.C. § 2675(a). Plaintiff submitted a Standard Form 95 to HHS on December 6, 2010, four months after filing her complaint and three days after it was

-3-

removed to federal court by the government. Before that time, Plaintiff had not submitted any information to HHS concerning her complaint. The notice of intent to file a malpractice claim, which is required by Michigan law, was submitted to the three initial Defendants but not to HHS. Moreover, even if HHS had received the notice, it did not meet the statute's presentment requirements. A prospective plaintiff is required to describe the nature of her claim and make a specific demand for recovery. 28 C.F.R. § 14.2(a). The notice does not make a specific demand.

Notably, the statute which permitted the government to substitute the United States as a party Defendant and remove the case to federal court acknowledges that some complaints may be subject to dismissal for lack of subject matter jurisdiction, 18 U.S.C. § 2679(d)(4), and provides a specific remedy for Plaintiff.

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if–
>
> > (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> >
> > (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2967(d)(5). Thus, Plaintiff will likely be permitted to exhaust her administrative remedies in accordance with the FTCA's procedures and, if necessary, file a second complaint in federal court, without encountering statute of limitations problems.

**II**

Accordingly, it is **ORDERED** that the United States' motion to dismiss [Dkt. # 5] is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT**

**PREJUDICE**.

It is further **ORDERED** that the hearing scheduled for March 1, 2011 at 4:00 p.m. is **CANCELED** based on the Court's determination that it would not aid in resolution of the motion. *See* E.D. Mich. L.R. 7.1(f).

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: March 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2011.

> s/Tracy A. Jacobs
> TRACY A. JACOBS

---